**Hand-Delivered**

FILED
CHARLOTTE, NC

MAY 1 2 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| YEHONATAN KAPACH, 13929 Daltrey Ln, Charlotte, NC 28277, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, CRIMINAL DIVISION, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, <br><br> Defendant. | Civil Action No. **3:26-cv-377-MOC** <br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** <br><br> (Freedom of Information Act, 5 U.S.C. § 552) |

1. Plaintiff Yehonatan Kapach, appearing pro se, brings this action against Defendant United States Department of Justice, Criminal Division, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and alleges as follows:

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2

3. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), which provides that an action may be brought in the district in which the complainant resides. Plaintiff resides in Charlotte, North Carolina, within the Western District of North Carolina.

## PARTIES

4. Plaintiff Yehonatan Kapach is a natural person residing at 13929 Daltrey Ln, Charlotte, NC 28277. Plaintiff is the publisher of Edna Karnaval (ednakarnaval.com), an investigative news publication, and Chairman of the Movement for Quality of Justice in Israel. Plaintiff submitted the FOIA request at issue in this action.

5. Defendant United States Department of Justice, Criminal Division, is a component of an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1), with offices at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530. Defendant has possession, custody, or control of the records Plaintiff seeks.

## STATEMENT OF FACTS

6. On or about April 8, 2026, Plaintiff submitted a FOIA request to the Criminal Division of the United States Department of Justice, seeking records relating to an extradition request submitted by the State of Israel against Plaintiff. Defendant assigned this request tracking number CRM-302434112.

3

7.  On April 9, 2026, the DOJ Office of Information Policy ("OIP"), in response to a parallel FOIA request (FOIA-2026-02702), issued a written determination directing Plaintiff to the Criminal Division as the appropriate DOJ component to handle the request.

8.  Under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), federal agencies are required to determine within twenty (20) business days after receipt of a request whether to comply with such request and to notify the requester of that determination and of the requester's rights.

9.  Twenty (20) business days from April 8, 2026 elapsed on or about **May 6, 2026**. As of the date of this Complaint, May 9, 2026, Defendant has failed to issue a determination, produce responsive records, assert any exemption, provide an estimated completion date, or invoke an extension of time under 5 U.S.C. § 552(a)(6)(B) in response to FOIA Request No. CRM-302434112.

10. Plaintiff has a compelling personal and public-interest need for the requested records. The records concern an extradition request submitted by the State of Israel against Plaintiff, who is a journalist, public commentator, and asylum applicant in the United States.

11. Plaintiff's public writing has repeatedly criticized the Israeli State Attorney's Office and related law-enforcement and judicial actors, including through Plaintiff's recurring public criticism of the phenomenon publicly described by a President of the State of Israel as the "Gang of the Rule of Law." Plaintiff alleges that this public-interest reporting and

4

commentary is the real reason for the retaliation and persecution directed against him by the Israeli prosecution authorities.

12. The requested records are directly material to Plaintiff's pending asylum application, USCIS Receipt No. ZLA2146048470, because the existence, contents, and basis of the extradition request may bear on Plaintiff's claim that he faces retaliation and persecution connected to his public reporting and criticism of the Israeli prosecution system.

13. The requested records also concern matters previously raised or connected to public proceedings and legal materials, including a gag order dated April 5, 2024, a petition before the Jerusalem District Court (Case No. 67104-01-20, May 27, 2024), and materials submitted or referenced in relation to *WhatsApp Inc. v. NSO Group Technologies Ltd.*, Case No. 4:19-cv-07123-PJH, in the United States District Court for the Northern District of California.

14. Defendant's failure to issue a timely determination constitutes a constructive denial of Plaintiff's FOIA request and exhausts Plaintiff's administrative remedies for purposes of seeking judicial relief under 5 U.S.C. § 552(a)(4)(B).

## CLAIM I

### Violation of FOIA — Failure to Issue a Timely Determination

15. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 14 above.

16. Defendant is subject to FOIA, 5 U.S.C. § 552(f)(1).

17. Plaintiff properly submitted a FOIA request to Defendant, and Defendant received the request on or about April 8, 2026.

18. Defendant failed to issue a determination within twenty (20) business days as required by 5 U.S.C. § 552(a)(6)(A)(i).

19. Defendant also failed to produce responsive records, assert applicable exemptions, provide an estimated completion date, or communicate any extension of time under 5 U.S.C. § 552(a)(6)(B).

20. Defendant's failure to respond violates FOIA and entitles Plaintiff to judicial relief under 5 U.S.C. § 552(a)(4)(B).

## CLAIM II

### Violation of FOIA — Wrongful Withholding of Agency Records

21. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 20 above.

6

22. The requested records are agency records within the meaning of FOIA.

23. Defendant has possession, custody, or control of the requested records or is responsible for conducting an adequate search for such records.

24. Defendant has wrongfully withheld agency records by failing to conduct an adequate search, failing to produce non-exempt responsive records, and failing to justify any withholding under a valid FOIA exemption.

25. Plaintiff is entitled to an order requiring Defendant to conduct an adequate search, produce all non-exempt responsive records, and justify any withholding through a Vaughn index or other legally sufficient explanation.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated FOIA by failing to respond to FOIA Request No. CRM-302434112 within the statutory deadline;

B. Order Defendant to conduct an adequate search for all records responsive to Plaintiff's FOIA request;

7

C. Order Defendant to produce all non-exempt responsive records by a date certain set by the Court;

D. Order Defendant to produce a Vaughn index for any records withheld in whole or in part, identifying each withheld record or category of records and the exemption claimed;

E. Award Plaintiff costs of litigation, reasonable attorney's fees to the extent available under 5 U.S.C. § 552(a)(4)(E), and any other relief available under FOIA; and

F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Yehonatan Kapach**

Pro Se Plaintiff

13929 Daltrey Ln, Charlotte, NC 28277

Telephone: +1-980-422-2322

Email: info@ednakarnaval.com

Date: May 9, 2026

8